■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD KARKER, Appellant. — Appeal from a judgment of the County Court of Schoharie County (Lamont, J.), rendered January 6, 1982, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the third degree. On May 16, 1981, defendant sold approximately 20 ounces of marihuana to Richard Cooper, a police informant. A hidden transmitter worn by Cooper enabled State investigators to monitor the sale conversation. When the sale was completed, Cooper uttered a prearranged phrase, signaling the investigators to make the arrest. On cue, the officers, who did not have a search warrant, entered and searched the shed where the transaction had occurred. They took from Cooper the two bags of marihuana involved in the

sale. Several clear plastic bags of marihuana which were lying in an open wooden box on the floor were also seized. The court's refusal to grant defendant's suppression motion prompted this appeal. We affirm. Notwithstanding defendant's contrary assertion, the officers were not obliged to obtain a warrant before seizing the contraband, for the marihuana was well within defendant's reach, thus presenting the danger that the incriminatory evidence would be destroyed (*People v Knapp,* 52 NY2d 689). Nor did the People's failure to produce Cooper to testify at the suppression hearing mandate a reversal. Since the officer monitoring the conversation recounted the incident from his own personal knowledge, Cooper's appearance was unessential. *People v Havelka* (45 NY2d 636) does not require a different result; it is clearly distinguishable factually. Judgment affirmed. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.